United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BOSCHETTI,<br><br>        Plaintiff,<br><br>    v.<br><br>DANIEL O'BLENIS,<br><br>        Defendant.<br>_____/ | No. C-13-00628 DMR<br><br>**ORDER REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION TO GRANT IFP APPLICATION AND REMAND TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO** |

    Defendant Daniel O'Blenis removed this case pursuant to 28 U.S.C. § 1441 from Superior Court of California, County of San Francisco, where it was pending as a complaint for unlawful detainer against Defendants. The Notice of Removal states one ground for removal: that diversity exists between the parties. (Notice of Removal ¶¶ 4-6.) Defendant has also filed an application to proceed *in forma pauperis* ("IFP").

    When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). The parties have not yet filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the court issues herein a Report and Recommendation and reassigns this case to a District Judge for final disposition, with the recommendation that the IFP application be granted and that summary remand be ordered.

## I.  IFP Application

Having evaluated Defendant's financial affidavit, the court finds that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore recommends that the IFP application be granted.  The court next turns to the issue of diversity jurisdiction.

## III.  Diversity Jurisdiction

A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C. § 1332.  "[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses . . . ."  *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993).  Potential defenses to all or part of a plaintiff's claim do not affect the amount in controversy, because the defense may be shown to be invalid.  *See Riggins v. Riggins*, 415 F.2d 1259, 1261-62 (9th Cir. 1969) (noting that statute of limitations defense might bar portion of relief sought did not affect amount in controversy).  Similarly, the amount in controversy is determined without regard to any counterclaim to which a defendant may be entitled.  *See Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

Defendant avers that this case fulfills the diversity jurisdiction requirements.  (Notice of Removal ¶¶ 4-6.)  He claims that he is a citizen of the State of Washington and that Plaintiff is a citizen of the State of California.  (Notice of Removal ¶ 4.)  He also appears to claim that the amount in controversy in this case is at least $150,000 based upon the value of an alleged agreement between the parties.  (Notice of Removal ¶¶ 5-6.)  However, Defendant overlooks that the face of the Complaint unequivocally states that the amount demanded "does not exceed $10,000."  (Compl.) As Plaintiff seeks past-due rent in the amount of $5,935.25 and $39.48 per day for Defendant's refusal to vacate the property beyond September 1, 2012, the total potential damages at the time of removal were far below the $75,000 minimum required to establish diversity jurisdiction.  Further, possession of the real property is the sole issue in the Complaint.  The value of any agreement between the parties is irrelevant to the issue of possession.  Accordingly, there is no basis for exercising diversity jurisdiction over the unlawful detainer action.

2

### IV.  Conclusion

For the reasons above, the court recommends that Defendant's IFP application be granted and that this action be remanded to the San Francisco County Superior Court.  The Clerk is directed to reassign this case to a District Judge.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

IT IS SO ORDERED.

Dated:  March 12, 2013



_____
DONNA M. RYU
United States Magistrate Judge

3