IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL BOSCHETTI,

   Plaintiff,

 v.

DANIEL O'BLENIS,

   Defendant.
_____/

No. C 13-2706 CW
No. C 13-0628 CW

ORDER REMANDING CASE & GRANTING IN PART MOTION FOR SANCTIONS (Docket Nos. 8 & 10)

  Plaintiff Paul Boschetti moves to remand this action to San Francisco County Superior Court and moves for sanctions against Defendant Daniel Everett for seeking repeatedly and frivolously to remove this case.[1]  Defendant failed to file a timely opposition to either motion.  After reviewing Plaintiff's submissions, the Court finds these matters suitable for decision without oral argument and now grants the motion to remand and grants in part the motion for sanctions.

DISCUSSION

I. Motion to Remand

  This is the third time Defendant has removed this case to federal court.  He first removed the case in February 2013, asserting diversity of citizenship under 28 U.S.C. § 1332.  After Plaintiff timely moved to remand, this Court held that the case was removed improperly because the amount in controversy did not exceed the jurisdictional minimum of $75,000.  Case No. 13-0628, Docket Nos. 8, 12.  The case was remanded on April 8, 2013.

---

  [1] Although Defendant is named in this action as Daniel O'Blenis, he identifies himself as Daniel Everett in his notice of removal.

Four days later, Defendant attempted to remove the case to the Western District of Washington. Once again, he asserted diversity of citizenship as his basis for removal. The action was dismissed on June 7, 2013. Case No. 13-0667 (W.D. Wash.), Docket No. 22. Defendant filed his notice of removal in the instant action six days later, again asserting diversity of citizenship.

As in his two prior notices of removal, Defendant contends that the amount in controversy exceeds $75,000 based on the alleged value of a settlement agreement between the parties. Docket No. 1, Notice of Removal, at 3. However, as this Court explained in its prior remand order, the face of Plaintiff's complaint expressly states that the amount in controversy "does not exceed $10,000." Compl. at 1. Plaintiff initiated this unlawful detainer action to recover possession of real property from Defendant. Id. at 2-3. Although Plaintiff also seeks to recover roughly six thousand dollars in unpaid rent and $39.48 for each day that Defendant refuses to vacate the property beyond September 1, 2012, this total still falls short of $75,000. Thus, because Defendant has not met the amount in controversy requirement, this case must be remanded.

Title 28 U.S.C. § 1447(c) states that a remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." According to the Supreme Court, the "standard for awarding fees should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees . . . only where the removing

2

party lacked an objectively reasonable basis for seeking removal." Id.

Defendant lacks an "objectively reasonable basis" for seeking removal here. As noted above, he has tried to remove this case on two prior occasions and, on both occasions, was unsuccessful. Defendant, who is a licensed attorney, should have recognized the futility of seeking to remove this case again on the same grounds. Accordingly, Defendant is ordered to pay Plaintiff's attorneys' fees and costs incurred in opposing this removal. Plaintiff may not recover fees and costs incurred in opposing Defendant's prior removals because those costs were not incurred "as a result of" the most recent removal. 28 U.S.C. § 1447(c).

Based on the declarations provided by Plaintiff's two attorneys, Curtis Dowling and John Zanghi, the Court awards Plaintiff $4480 in fees and costs. This award was calculated by multiplying Dowling's reasonable hourly rate by eight hours ($300 x 8 = $2400); multiplying Zanghi's reasonable hourly rate by eight hours ($260 x 8 = $2080); and adding those two figures ($2400 + $2080 = $4480). Although Dowling and Zanghi assert that they each spent more than eight hours preparing the instant motions, the Court has adjusted their hours downward for three reasons. First, Dowling and Zanghi are both experienced litigators who have already prevailed on a motion to remand in this case and, as such, did not need to spend considerable time preparing a second motion on identical issues. Second, while

Dowling has provided a detailed account of his hours,[2] Zanghi has not. Finally, because Defendant failed to file a timely opposition to either of Plaintiff's motions, Plaintiff will not have to prepare or submit any reply briefs. Under Ninth Circuit precedent, all of these reasons may justify a reduced fee award. See Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986) (recognizing that district courts may adjust fee awards downward if the documentation was inadequate, if the hours were duplicative, or if the hours were excessive).

II. Motion for Sanctions

Plaintiff's motion for sanctions seeks two forms of relief: (1) an order directing Defendant to pay Plaintiff's attorneys' fees and costs; and (2) a pre-filing order barring Defendant from removing this case in the future without first obtaining judicial permission. Because the Court has ordered Defendant to pay Plaintiff's fees and costs pursuant to the federal removal statute, 28 U.S.C. § 1447(c), Plaintiff's request for fees and costs is denied as moot.

Plaintiff's second request, however, is granted. Federal courts have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," such as pre-filing review orders. DeLong v. Hennessey, 912 F.2d 1144, 1146-47 (9th Cir. 1990). District courts "bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated

---

[2] The Court has used Dowling's account of his hours to estimate the amount of hours reasonably spent on the instant motions.

4

attempts by litigants to misuse the courts." O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990). Although pre-filing review orders "cannot issue merely upon a showing of litigiousness," they may be appropriate when the litigant's claims are both numerous and "patently without merit." Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990). Id.

The Ninth Circuit has established four guidelines "to maintain this delicate balance between broad court access and prevention of court abuse." O'Loughlin, 920 F.2d at 617. Before a court enters a vexatious litigant order: (1) the litigant must be given adequate notice to oppose entry of the order; (2) the court must present an adequate record by listing the case filings that support its order; (3) the court must make substantive findings of frivolousness or harassment; and (4) the order must be narrowly tailored to remedy only the litigant's particular abuses. Id.; DeLong, 912 F.2d at 1147-49.

Here, Defendant has received adequate notice to oppose entry of the pre-filing order. Plaintiff requested a pre-filing order in both his motion to remand and his motion for sanctions. Docket Nos. 8, 10. He also requested the pre-filing order in his motion to relate, Case No. 13-0628, Docket No. 19, and previously made a similar request in the Western District of Washington, where Defendant last sought to remove this case. Defendant has not responded to any of those motions.

Defendant's previous frivolous attempts to remove this case are outlined above.[3] The timing of these removal efforts --

---

[3] Defendant's prior notices of removal are attached as Exhibits A and F to the Declaration of Curtis F. Dowling. Docket No. 10-2.

5

combined with the fact that Defendant made minimal efforts to oppose remand in each case -- suggests that Defendant has sought removal primarily to delay enforcement of a settlement agreement in state court. This record is sufficient to justify a narrow pre-filing order requiring Defendant to obtain the Court's permission before filing another notice of removal in this case.

CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand (Docket No. 8) is GRANTED and Plaintiff's motion for sanctions (Docket No. 10) is GRANTED in part and DENIED in part. The Court will issue a separate order requiring pre-filing review of any notice of removal that Defendant files in this Court to remove this case from San Francisco County Superior Court. In addition, Defendant is ordered to pay Plaintiff $4480 in fees and costs incurred in filing these motions.

Defendant's motion for an extension of time to file an opposition (Docket No. 15) is DENIED. Defendant did not seek an extension of time until after his opposition was due and has not proposed any meritorious opposition he could present if he were permitted to file one.

Defendant's motion for leave to proceed in forma pauperis (Docket No. 2) is DENIED as moot. The Clerk shall vacate all future dates and remand this case to San Francisco County Superior Court. The case file shall be closed.

IT IS SO ORDERED.

Dated: 8/14/2013

CLAUDIA WILKEN
United States District Judge

6